BC

FILED
6/27/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PJJ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| **PETER NICHOLAS MYMA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:25-cv-02154 |
| v. | ) |
| | ) Hon. April M. Perry |
| | ) |
| **WENDY ANNE WROE** and | ) |
| **JOHNNY DARRELL LORICK,** | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR LEAVE TO SERVE DEFENDANTS BY ALTERNATIVE MEANS**

## I. MOTION

1. **NOW COMES** the Plaintiff, PETER NICHOLAS MYMA, pro se, and respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 4(e)(1) and 735 ILCS 5/2-203.1 (Illinois Code of Civil Procedure) for an Order permitting alternative service of process on Defendants WENDY ANNE WROE and JOHNNY DARRELL LORICK. In support thereof, Plaintiff states as follows:

## II. FACTUAL BACKGROUND AND EVIDENCE OF EVASION

2. On or after 4/23/2025, this Court ordered Plaintiff to engage the U.S. Marshal to effectuate service of process on Defendants pursuant to Rule 4(c)(3).

3. Plaintiff promptly provided the Marshal with verified addresses, school-year schedules, and other personal data for effective service.

4. The Marshal conducted three formal service attempts:

    a. May 12, 2025 at 3:00 p.m. – No contact.

    b. May 15, 2025 at 10:25 p.m. – Marshal approached two individuals in the driveway. Upon identifying the Marshal, they "**ran inside and shut the door**" and refused to answer.

    c. June 16, 2025 at 9:30 a.m. – No answer.

5. These facts, supported by the Marshal's return (Exhibits A, B), constitute direct evidence of intentional evasion and contumacious conduct.

6. Defendant Wendy Wroe is a foreign national with a pattern of unauthorized travel to Canada, without leave of any court. She maintains no significant nexus to the local community.

7. Plaintiff reasonably believes that Wroe may permanently relocate outside the jurisdiction to avoid adjudication.

8. Defendant Wroe has previously been under a valid court order requiring her to accept service of documents transmitted to her and for the benefit of the minor children. She willfully violated that order repeatedly, continuing her pattern of bad faith evasion.

### III. PATTERN OF NONCOMPLIANCE AND DIGITAL NOTICE

9. Defendants have engaged in a long-standing pattern of obstruction. In earlier related litigation, Wroe and Lorick refused:

    a. Interrogatories,

    b. Subpoenas,

    c. Subpoenas duces tecum, and

    d. Motions to compel.

10. These actions were enabled by local courts, encouraging ongoing disregard for lawful process, and in violation of equal protection.

11. Plaintiff has made multiple certified mail attempts in the instant cause—including the original summons and four supplemental mailings—all of which were returned unclaimed or unsigned.

3

12. Plaintiff maintains recent electronic communication with Defendant Wroe via email and SMS/text, which are viable methods for effectuating notice.

13. Defendants are aware of the present litigation, which is publicly available via PACER, RECAP and Justia. Their conduct in fleeing the Marshal confirms actual notice and intent to obstruct.

**IV. LEGAL STANDARD**

14. Federal Rule 4(e)(1) authorizes service in accordance with state law. Under Illinois statute 735 ILCS 5/2-203.1[1], courts may permit alternative service when personal service is impracticable and the alternative is reasonably calculated to give notice. See also Mullane v. Central Hanover Bank, 339 U.S. 306 (1950).

15. Given the totality of facts—Marshal evasion, foreign travel, ongoing communication, and prior judicial findings—email and text service are the most effective and reasonable options.

16. Plaintiff deprecates service by publication as ineffective under these circumstances, especially if Defendants have already fled the country.

---

[1] "Service by special order of court. If service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2-203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful. **The court may order service to be made in any manner consistent with due process.**" (Emphasis added)
(Source: P.A. 87-1165.)

4

## V. CASE MANAGEMENT CONSIDERATIONS

17. Plaintiff anticipates no more than a **single-day jury trial**. The majority of Plaintiff's evidence is:

    a. Judicially noticed,

    b. Derived from official transcripts,

    c. Authored by Defendants themselves or documentary evidence of their own actions,

    d. Defendant's own admissions, or

    e. Previously admitted in state court despite Defendants' objections.

18. Defendants are knowingly abusing the judicial process to delay adjudication and prolong harm, contrary to Rule 1 of the Federal Rules of Civil Procedure, which mandates the just, speedy, and inexpensive determination of every action.

19. The harms Plaintiff seeks to remedy are ongoing. Defendants seek to perpetuate these injuries indefinitely by obstructing service. Alternative service is critical to curtailing these harms.

## VI. RESERVATION OF SANCTIONS AND COSTS

20. Plaintiff reserves the right to seek sanctions, fees, and costs under Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority for Defendants' vexatious and bad faith conduct.

### III. RELIEF

21. **WHEREFORE**, Plaintiff respectfully requests that this Court:

    a. GRANT Plaintiff's Motion for Leave to Serve by Alternative Means;

    b. AUTHORIZE service of the summons and complaint via:

        i. Email to Defendant Wroe at indigo_wroe@yahoo.com, and

        ii. Text message with hyperlink or attachment to (812) 558-4176;

    c. DEEM service effectuated upon affidavit of delivery;

    d. RESERVE Plaintiff's right to seek sanctions and costs; and,

    e. GRANT such further relief as the Court deems just.

Respectfully submitted,

Executed on ___June 27___, 2025, in Chicago, IL.

*[signature: P. Myma]*

_____/s/_____

Peter Myma, Plaintiff, Pro Se

**VII. VERIFICATION AND DECLARATION**

Pursuant to 28 U.S.C. § 1746, Plaintiff hereby declares under penalty of perjury that the facts stated herein are true and correct to the best of Plaintiff's knowledge and belief.

Executed on ___June 27___, 2025, in Chicago, IL.

Signature:

*[handwritten signature: P. Myma]*

_____/s/_____

Peter Myma, Plaintiff, Pro Se

**VIII. ATTACHMENTS**

**Exhibits A, B:** Marshal's USM-285 Returns of Non-Service

**Exhibit C:** Proposed Order

**Exhibit D:** Proposed Affidavit

## IX. CERTIFICATE OF SERVICE

I hereby certify that on __June 27__, 2025, I caused a true and correct copy of the foregoing document and all attachments to be served upon the following parties via United States Postal Service certified mail, postage prepaid, to:

Defendants **Johnny Darrell Lorick, Wendy Anne Wroe**
104 Shumard Oak Lane
Apex, NC 27539

Executed on ___June 27___, 2025.

Signature: ____/s/_____
**Peter Myma**
Pro Se Plaintiff