BC QR

FILED
7/19/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| **PETER NICHOLAS MYMA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:25-cv-02154 |
| v. ) | |
| ) | Hon. April M. Perry |
| ) | |
| **WENDY ANNE WROE** and ) | |
| **JOHNNY DARRELL LORICK,** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S APPLICATION TO THE CLERK FOR ENTRY OF DEFAULT**

1

**I. MOTION**

1. Plaintiff, Peter Nicholas Myma, pro se, respectfully moves this Honorable Court pursuant to **Rule 55(a)** of the Federal Rules of Civil Procedure for entry of default against Defendants Wendy Anne Wroe and Johnny Darrell Lorick.

2. In support, Plaintiff shows that both Defendants were properly served pursuant to the Court's June 27, 2025 Order permitting alternative service, and that they have failed to plead or otherwise defend within the time prescribed by law.

**II. FACTUAL BACKGROUND**

3. On June 27, 2025, Plaintiff properly effected service of process on both Defendants by email, pursuant to the Court's Order allowing alternative service via Defendant Wroe's long-standing personal address: indigo_wroe@yahoo.com. The email included:

    a. A copy of the 21-count federal complaint;

    b. The summons issued by this Court for each Defendant;

    c. A copy of the Court's order permitting service by email.

4. More than 21 days have passed since service was effected, and no responsive pleading, motion, or notice of appearance has been filed by either Defendant.

5. No undeliverable message was returned.

6. No filing was made into the case by Defendants.

7. Rule 55(a) provides:

    a. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

8. The conditions of Rule 55(a) have been satisfied.

9. Plaintiff notes that Defendants have shown a consistent disregard for court obligations, raising early concerns about fundamental fairness—issues that, while not dispositive at this stage, may warrant closer scrutiny as the case proceeds under Rule 55(b).

### III. SERVICE MEMBERSHIP STATUS

10. Upon information and belief, Defendants are not minors, incompetent persons, or members of the military service as defined under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931. Accordingly, there is no statutory impediment to the entry of default. Plaintiff affirms this based on publicly available records and prior personal interactions with Defendants.

### IV. LEGAL AUTHORITY

11. Federal Rule of Civil Procedure 55(a) requires the clerk to enter default upon proof that a party "has failed to plead or otherwise defend." See also **Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)**.

12. Because Defendants were properly served and have not responded within the applicable time frame, ministerial entry of default is procedurally warranted at this stage.

### V. RELIEF REQUESTED

13. **WHEREFORE**, Plaintiff respectfully requests that the Clerk and this Honorable Court:

a. Enter default against Defendants Wendy Anne Wroe and Johnny Darrell Lorick pursuant to Fed. R. Civ. P. 55(a);

b. Defer any proceedings under Fed. R. Civ. P. 55(b), including damages or equitable relief, until such time as Plaintiff files a separate motion for default judgment;

c. Reserve Plaintiff's right to seek a jury trial under Fed. R. Civ. P. 38 for the determination of damages and credibility-based harms at the appropriate stage;

d. Grant such other procedural relief as the Court deems appropriate to effectuate the entry of default under Rule 55(a).

Respectfully submitted,

Executed on ___July 19___, 2025, in Chicago, IL.

_____/s/_____

Peter Myma, Plaintiff, Pro Se

## VI. VERIFICATION AND DECLARATION

Pursuant to 28 U.S.C. § 1746, Plaintiff hereby declares under penalty of perjury that the facts stated herein are true and correct to the best of Plaintiff's knowledge and belief.

Executed on ___July 19___, 2025, in Chicago, IL.

Signature:

_____/s/_____

Peter Myma, Plaintiff, Pro Se

**VII. CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on __July 19__, 2025, I served a copy of this Motion for Entry of Default and all supporting documents (if any) on Defendants **Wendy Anne Wroe** and **Johnny Darrell Lorick** as follows:

**By Certified Mail** with tracking (#9589 0710 5270 1441 6644 52) and delivery confirmation to their last known and verified residence at:

**104 Shumard Oak Lane, Apex, North Carolina 27539**, a location where Defendants were previously encountered by the United States Marshals during an attempted personal service, at which time they were observed "running" into the residence and refusing to answer the door.

**By Email** to:

**indigo_wroe@yahoo.com**, an address previously authorized by the Court for alternative service. No bounce-back notifications were received.

These methods were implemented in good faith and in compliance with the Court's prior order permitting alternative service. They are reasonably calculated to give Defendants notice of these proceedings, consistent with the requirements of due process under **Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950).**

Service Executed on ____July 19____, 2025.

Signature: ____/s/_____

**Peter Myma**

Pro Se Plaintiff