IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER NICHOLAS MYMA, | ) |
| | ) |
|     Plaintiff, | ) CASE NUMBER: 25:CV 02154 |
| v. | ) |
| | ) |
| WENDY ANNE WROE and | ) |
| JOHNNY DARRELL LORICK | ) |
|     Defendants. | ) |

**COMBINED MOTION TO DISMISS PURSUANT TO FEDERAL RULES 12(b)(1) and 12(b)(6)**

Defendants Wendy Anne Wroe and Johnny Darrell Lorick, by and through undersigned counsel, move to dismiss the Complaint pursuant to Federal Rules 12(b)(1) and 12(b)(6), states as follows:

**INTRODUCTION**

1. The Court should dismiss Plaintiff Peter Nicholas Myma ("Plaintiff") Complaint pursuant to Rule 12(b)(1). Dismissal is appropriate because the court lacks subject matter jurisdiction. The Plaintiff does not have jurisdiction to adjudicate issues arising from Plaintiff's Dissolution of Marriage entered in Brown County, Illinois, on April 30, 2019 which restricted visitation. A modified parenting order was entered in Brown County, Illinois, on August 9, 2022, and a subsequent Modification Order was entered in Wake County, NC, after removal from Brown County, Indiana to Wake County, North Carolina.

2. Moreover, even if the Court does not dismiss the Complaint for lack of jurisdiction, the court should nevertheless dismiss the complaint pursuant to Rule 12(b)(6) because the Complaint is not organized in such a way as to allow for an intelligent and coherent answer.

1

3. The Court should dismiss Plaintiff's Complaint with prejudice because the court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) and the Complaint is legally and factually insufficient under Rule 12 (b)(6).

## ARGUMENT

I. **The Court Lacks Subject Matter Jurisdiction Pursuant to the Domestic Relations Exception to Federal Jurisdiction, the *Rooker-Federal* Doctrine, and Younger Abstention.**

Plaintiff's allegations arise from custody litigation that began in 2016 in Brown County, Indiana, which granted the Defendant Wendy Anne Wroe full custody of the parties' children and subsequent modifications of the custody orders, which culminated in supervised visitation of the Father and other ancillary matters that are pending in North Carolina after the judgment was enrolled in North Carolina and Transferred to North Carolina from Indiana. The Complaint alleges various constitutional violations concerning state-court divorce and child custody proceedings. His claims, challenge the conduct and decisions of the state court decisions and the Defendants' alleged parental alienation.

A. The Domestic Relations Exception to Federal Jurisdiction Applies   *Ankenbrandt v Richards*

1. The **"domestic relations"** exception to federal jurisdiction prevents federal courts from issuing orders involving divorce, alimony, child custody orders and child support orders. *Syph v Arce*, 772 F. App'x 356, 357 (7th Cir. 2019). This exception denied federal jurisdiction to exercise powers characteristic of a domestic relations court. *Jones v Brennen*, 465 F.3d. 304, 306 (7th Cir. 2007. This exception prevents the federal court from forcing its way into a state court matter, "particularly because state courts are assumed to

2

have developed a core proficiency in probate and domestic relations matters. *Sykes v Cook County Circuit Court Probate Division*, 837 F.3d 736, 741 (7th Cir. 2016). This is known as the domestic relations exception. *Ankenbrandt v Richards*, 504 U.S. 689, 703 (1992) (holding that federal courts lack power to "issue divorce, alimony, and child custody decrees). Here, the Plaintiff complains that the Defendants have deliberately engaged in malicious conduct to alienate him from his children and violated the court order in the Indiana custody case by transferring the case to North Carolina. The Plaintiff's claims are squarely within the exception to jurisdiction for domestic relations cases because Plaintiff is attempting to attack North Carolina custody orders and previous orders from Indiana. This Court does not have jurisdiction to issue any order to the legitimacy of Indiana and North Carolina custody order. This Court should dismiss this case based on the Domestic Relations Exception.

B. ***Rooker-Feldman* Bars this Suit**

1. The *Rooker-Feldman* doctrine is an essential foundation for the division of power between federal and state courts, recognizing that even if a state court judgment went wrong, "that did not make the judgment void, but merely left it open for reversal or modification in an appropriate and timely appellate proceeding. *Rooker v Fidelity Trust Co., 263 U.S. 413, 415 (1923); see Hadzi-Tanovic v Johnson*, 62 F. 4th 394, 399 (7th Cir. 2023). In this case, the Plaintiff complains of State Court judgments. The matter has been ongoing in the State court since 2016. There is litigation pending in North Carolina in which the Defendants have been unable to serve the Defendant for failure to pay his child support obligations. This Court should dismiss this case with prejudice based on the *Rooker-Feldman* doctrine.

3

C. **The Court should abstain from Hearing this Case under the *Younger*.**

1. The Younger abstention doctrine "direct federal courts to abstain from exercising jurisdiction over federal claims that see to interfere with pending state proceedings." *J.B. v Woodard,* 997 F.3d 714, 722 (7th Cir. 2021). The doctrine applies where federal court intervention would intrude on civil proceedings implicating a state's interest in enforcing orders and judgments of its court. Id. In this Case, North Carolina has jurisdiction to modify and implement custody and child support orders. This case has been ongoing since 2016, and the Plaintiff has filed multiple appeals and frivolous claims in State Court, all while failing to comply with State Court Orders. This Court should dismiss this Case with prejudice based on the Younger Doctrine.

II. **Plaintiff's Complaint Fails to State a Claim**

A. A Motion to Dismiss under Rule 12 (b)(6) tests the sufficiency of the Complaint. A complaint may be dismissed if the Plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its fact. *Ashcroft v Iqbal*, U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 570 (2007).

B. To survive a 12(b)(6) challenge, a complaint must first comply with Rule 8(a), by providing a short and plain statement of claim showing that the pleader is entitled to relief. Second Amendment Arms, v City of Chicago, 2012 U.S. Dist. Lexis 136645, (N.D. Ill. Sept 25, 2012).

In this case, there is excessive detail that obscures the claim: A complaint can be so lengthy, detailed, or repetitive that it fails to be "short and plain," making it difficult for the defendant

4

to understand the claims against them and hindering the ability to prepare a response. It is impossible to tell which Defendant he alleges caused the injury and is unintelligible.

                                                                                                             Respectfully submitted,

                                                                                                             _____
                                                                                                       /s/ Ann McGinnis O'Connell

**July 21, 2025**

**CERTIFICATE OF SERVICE**

The undersigned, Ann McGinnis O'Connell, hereby certifies that he served the foregoing Motion to Dismiss Plaintiff's Complaint via CM/ECF which will serve a true and correct copy upon the following:

Peter Myma
7620 Niles Center Road
Skokie, IL 60077
petermyma@gmail.com

                                                                                                _____
                                                                                                /s/Ann McGinnis O'Connell