IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER NICHOLAS MYMA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NUMBER: 25:CV 02154 |
| | ) |
| WENDY ANNE WROE and | ) |
| JOHNNY DARRELL LORICK | ) |
| Defendants. | ) |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT[1]**

Defendants Wendy Anne Wroe and Johnny Darrell Lorick, by and through undersigned counsel, Ann McGinnis O'Connell, respectfully submit this Response to Plaintiff's Motion for Default Judgment under Federal Rule of Civil Procedure 55 (c) and, if applicable, Rule 60 (b). Defendants request that the Court deny Plaintiff's Motion for Default Judgment and set aside any entry of default for the reasons set forth below:

**INTRODUCTION**

On or around July 19, 2025, the Plaintiff filed a document claiming to be a Motion for Default, alleging that the Defendants failed to plead or otherwise defend this case within the timeframe required by the Federal Rules of Civil Procedure. The Defendants respectfully argue that good cause exists to set aside any default entry and they timely filed a Joint Motion to Dismiss on July 22, 2025, to defend against this action.

---

[1] Plaintiff Titled his Motion "Plaintiff's Application to the Clerk for Entry of Default"

1

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." A party seeking to vacate an entry of default before the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007).; see also Fed. R. Civ. P. 55(c). While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more [*3] liberally applied in the Rule 55(c) context." *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). *Godfrey v. Adobe Healthcare, Inc.*, No. 1:22-CV-175-HAB, 2022 U.S. Dist. LEXIS 232433, at *2-3 (N.D. Ind. Dec. 28, 2022).

**ARGUMENT**

On June 27, 2025, this Court granted the Plaintiff's Motion for Leave to Serve Defendants Wendy Ann Wroe and Johnny Darrell Lorick by alternative means. The Order also specified that the service would become effective once the Plaintiff filed an affidavit of compliance with the June 27, 2025 order. On July 17, 2025, the Defendants retained counsel to defend against this action. On the same day, Attorney Ann McGinnis O'Connell searched for the affidavit of compliance on the CM/ECF portal. The search aimed to determine the date the Defendants had to plead or otherwise defend against Plaintiff's allegations. A diligent search revealed that the Plaintiff filed an incomplete affidavit of compliance. The search could not locate the complete affidavit to verify the date the Plaintiff served the Defendants by alternative means. She did find an incomplete affidavit filed by the Plaintiff on June 27, 2025, which did not include the date the Plaintiff allegedly served the Defendants by email and text. On July 21, 2025, Attorney Ann McGinnis O'Connell filed an appearance in this matter. On July 22, 2025,

2

the Defendants were electronically served a copy of the Plaintiff's "Application to the Clerk for Entry of Default," which stated that the transaction was entered on July 22, 2025, at 9:17 AM CDT and filed on July 19, 2025. On the same day, the Defendants' attorney filed a Combined Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6).

The plaintiff's affidavit of compliance did not specify a date when he served the Defendants by alternate means; therefore, the service of the summons and complaint was invalid on June 27, 2025, as claimed by the Plaintiff. Regardless of the ineffective service date, the Defendants acted diligently and filed the Motion to Dismiss as soon as they learned that the Plaintiff asserted service on June 27, 2025.

Plaintiff will not be prejudiced by setting aside any technical default. The defendant has a meritorious defense that, if proven, could alter the case's outcome. Specifically, this court does not have jurisdiction to hear domestic relations matters.

Wherefore, the Defendants respectfully request that this Court:

a. Deny Plaintiff's Motion for Default.
b. Set Defendants' Motion to Dismiss for hearing; and
c. Any such further relief as this Court deems just and reasonable.

Respectfully submitted,

                                                          _____
                                                          /s/ Ann McGinnis O'Connell

**July 22, 2025**

## CERTIFICATE OF SERVICE

The undersigned, Ann McGinnis O'Connell, hereby certifies that he served the foregoing Motion to Response to Plaintiff's Application to the Clerk for Entry of Default, via CM/ECF which will serve a true and correct copy upon the following:

Peter Myma
7620 Niles Center Road
Skokie, IL 60077
petermyma@gmail.com

                                                                            _____
                                                                            /s/Ann McGinnis O'Connell